**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(NORTHERN DIVISION)**

| | | |
|---|---|---|
| **GILMAN & BEDIGIAN, LLC** | | |
| **1954 Greenspring Drive, Suite 250** | \* | |
| **Timonium, MD 21093** | | |
| | \* | |
| **Plaintiff,** | | |
| | \* | **Civil Action No.: _____** |
| **v.** | | |
| | \* | |
| **RICHARD SACKETT** | \* | |
| **409 Royal Plaza Drive** | | |
| **Fort Lauderdale, FL 33301** | \* | |
| | | |
| **LAWCO USA P.L.L.C.** | \* | |
| **910 17th Street, NW** | | |
| **Suite 800** | \* | |
| **Washington, DC 20006** | | |
| | \* | |
| **Service on:** | | |
| | \* | |
| **James Crosland, Esq., Resident Agent** | | |
| **1050 Connecticut Ave., NW** | \* | |
| **Suite 500** | | |
| **Washington, DC 20036** | \* | |
| | | |
| | \* | |
| **Defendants.** | | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Gilman & Bedigian, LLC, ("G&B") through its undersigned attorneys, brings

this action for declaratory judgment against Defendants, Richard Sackett ("Sackett") and LawCo

USA P.L.L.C. ("LawCo") and states:

## INTRODUCTION

1.      This is an action for declaratory relief brought pursuant to 28 U.S.C. §§ 2201, *et*

*seq.* arising from an actual controversy between the parties concerning Sackett's and LawCo's

asserted rights in the service mark HEAVY HITTERS, as well as other marks. The controversy involves Sackett's and LawCo's claim of service mark ownership of HEAVY HITTERS and other marks (sometimes referred to collectively as the Marks), and Sackett's assertion that G&B will have no rights to use HEAVY HITTERS in its advertisements unless the advertisements are created, and the media therefor, placed by Sackett.

## THE PARTIES

2.      G&B, a limited liability company formed under the laws of Maryland with its principal place of business in Baltimore County, Maryland, is a law firm predominately practicing personal injury and medical malpractice law in Maryland and Pennsylvania.

3.      Upon information and belief, Sackett is not a licensed lawyer and is an individual domiciled in the State of Florida at 409 Royal Plaza Drive, Ft. Lauderdale, FL 33301, engaged in the advertising and marketing business.

4.      Upon information and belief, Defendant LawCo is a professional limited liability company formed under the laws of the District of Columbia to engage in the practice of law. LawCo's website lists two addresses, 910 17th Street NW, Suite 800, Washington, DC 20006 and 409 Royal Plaza Drive, Ft. Lauderdale, FL 33301, the latter being Sackett's residence.

## JURISDICTION AND VENUE

5.      This case arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*.  This Court has subject matter jurisdiction pursuant to the provisions of 15 U.S.C §§ 1119, 1121 and 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

6.      The Court has personal jurisdiction over Sackett pursuant to Maryland's Courts & Judicial Proceedings Article § 6-103 because although domiciled in Florida, Sackett regularly

conducts business in the State of Maryland. He has arranged for, and placed, nearly Six Million

Dollars of media in the Baltimore and Philadelphia advertising markets on behalf of G&B.

7.     The Court has personal jurisdiction over LawCo pursuant to Maryland's Courts &

Judicial Proceedings Article § 6-103 because LawCo licenses HEAVY HITTERS and other

marks to Sackett to conduct business in the State of Maryland.

8.     Venue is proper in this judicial district by reason of the provisions of 28 U.S.C. §§

1391(b) and 1400(a) because, as detailed in this Complaint, a substantial part of the acts and

omissions giving rise to G&B's claim occurred in this district.

## FACTS

9.     G&B provides legal services to the public in Maryland and Pennsylvania through

attorneys licensed in these jurisdictions (the "Territories"), primarily representing plaintiffs who

have suffered physical injuries due to the negligent or intentional conduct of others, and it

engages in the advertising and promotion of its services through numerous mediums.

10.     Sackett asserts ownership of a U.S. Trademark registration for HEAVY

HITTERS in which the services are listed as business management, marketing and advertising

services specifically for the legal services of others. LawCo asserts ownership of a U.S.

Trademark registration for HEAVY HITTERS in which the services are listed as legal services,

and LawCo asserts ownership of other U.S. trademark registrations for marks used by G&B (all

marks referenced herein are sometimes collectively referred as HEAVY HITTERS or Marks).

11.     LawCo primarily offers legal services to the public seeking assistance with

personal injury or medical malpractice matters and upon information and belief, LawCo licenses

HEAVY HITTERS to Sackett for his use in the conduct of his advertising business, in that

Sackett creates advertisements for law firms employing HEAVY HITTERS in advertisements.

12.     G&B has no relationship with LawCo; however, LawCo and Sackett have a relationship, the extent of which is not yet fully known, regarding HEAVY HITTERS; Sackett is listed as Senior Administrator on LawCo's website.

13.     G&B uses HEAVY HITTERS in its advertisements created by Sackett, which are broadcast on television, radio and the internet, and shown in print, to promote G&B's legal services (the Advertising Services or Advertisements).

14.     The Advertisements created for G&B by Sackett are, in essence, syndicated, meaning that lawyers in different markets throughout the United States employ the same advertisements, containing the same Marks including HEAVY HITTERS and trade dress; Sackett merely substitutes law firm names, and videos of the lawyers, depending on the territory.

15.     There is no written agreement between G&B and Sackett, LawCo or others concerning G&B's use of HEAVY HITTERS, G&B's engagement of Sackett to provide Advertising Services or G&B's rights to place Advertisements containing the Marks.

16.     In December 2017, G&B paid Sackett $463,192 for television media that was to be purchased by Sackett for G&B which was to run in January, February and March 2018.  The media was placed by Sackett and it ran.

17.     In Summer 2018, G&B learned from the various television media with whom G&B's Advertisements had run that Sackett had not paid the media for the January, February and March 2018 G&B Advertisements.

18.     G&B confronted Sackett over his failure to pay the media although he had been paid by G&B.  On August 28, 2018, Sackett wrote to Charles Gilman, a founder of G&B to tell him, in essence, he had used nearly $500,000 of G&B's money to pay his tax bill ("We got hit with a huge unexpected IRS payment.").  He further wrote he needed money because one or

more of his accounts was not paying, and instead of paying the media, Sackett used G&B's money for his own purposes.

19.    Discussions ensued between Messrs. Gilman and Sackett in which Mr. Gilman expressed grave concern over what Sackett had done, but Sackett promised to pay the media, and G&B was willing to continue to employ Sackett to create and place ads, although in the future G&B would pay the media directly.

20.    Mr. Gilman expressed concern to Sackett regarding the ability of G&B to use HEAVY HITTERS if G&B and Sackett terminated their business relationship for any reason. These discussions continued into Fall 2018.  Sackett agreed to G&B's post-termination usage and the relationship continued; he told Mr. Gilman he wanted to protect G&B because it was sticking with him despite Sackett's misappropriation of almost $500,000.  However, when Sackett proposed an agreement to reflect what he and Mr. Gilman had agreed to, the agreement did not conform with that understanding, G&B refused to execute the agreement, and the parties continued their relationship.

21.    Since 2013, G&B has been the sole user of HEAVY HITTERS in the Territories; in the Territories, the services of G&B have become associated with HEAVY HITTERS in the minds of consumers of legal services through the expenditure of almost Six Million Dollars in media purchases over six years.  G&B will spend approximately Two Million Dollars on media in 2020.

22.    G&B has maintained a high standard of quality for its legal services and client care and created invaluable goodwill using HEAVY HITTERS.

23.     Based on G&B's longstanding use and promotion of its business under HEAVY HITTERS, HEAVY HITTERS has become strongly associated with G&B and consumers who see or hear HEAVY HITTERS in the Territories associate HEAVY HITTERS with G&B.

24.     Only recently, well after the Advertisements were created and paid for, and contrary to the agreement reached in Fall 2018, did Sackett tell G&B that unless G&B continues to use his services to create Advertisements and buy media in which to place Advertisements, with minor exceptions, G&B will not be permitted to use HEAVY HITTERS, and that if it does so, it will be an infringer of HEAVY HITTERS.

25.     Sackett's threats that G&B will not be able to use HEAVY HITTERS to promote its services if G&B discontinues Sackett's Advertising Services will have an adverse consequence on its practice and will cause G&B to lose the substantial goodwill that has come to be associated with its use of HEAVY HITTERS in the Territories.  As well, Sackett could attempt to license the Marks to a third party for use in the Territories and create consumer confusion.

26.     Despite Sackett's threats, Sackett and LawCo have acquired no trademark rights in HEAVY HITTERS in the Territories based on G&B's use of HEAVY HITTERS in such Territories; although Sackett created advertisements for G&B employing HEAVY HITTERS, Sackett and LawCo over a six year period, have exercised no control over the quality of the legal services G&B offered in connection with HEAVY HITTERS, as required by the Trademark Act, 15 U.S.C. §§ 1055, 1127 and as a result, Sackett and LawCo have abandoned HEAVY HITTERS in the Territories; in addition, Sackett is not a law firm and has never used HEAVY HITTERS in the practice of law.

27.     Sackett and LawCo have not exercised, or retained a right to exercise, control over critical service-related aspects of G&B's business such as maintaining its compliance with local and state bar regulations, quality of practice or client relations, nor does Sackett or LawCo exercise, or have the right to exercise, control over G&B's dealing with potential clients, clients and opposing counsel. In fact, G&B is not restricted by Sackett or LawCo from engaging in any conduct associated with HEAVY HITTERS, whether associated with the practice of law or not, and upon information and belief, LawCo does not provide meaningful quality control over Sackett's use of the Marks, nor does it control G&B's use of the Marks.

28.     G&B, and other law firms who use HEAVY HITTERS, predominately practice medical malpractice and personal injury law. These law firms represent individuals who are severely injured and rely on their lawyer to recover compensation after suffering a traumatic occurrence.

29.     Because Sackett and LawCo exercise no control over the nature or quality of the services offered under HEAVY HITTERS, any legal service provider in the Territory that uses HEAVY HITTERS to designate the source of its services, including G&B, could provide services of any quality to the detriment of clients who thought, based on the use of HEAVY HITTERS, the services provided would be of high quality. In this regard, Sackett and LawCo do nothing to protect the public or to assure a consistent quality of services, and, if they authorize others to use the Marks, they contribute to confusion.

30.     Sackett does not own trademark rights in HEAVY HITTERS for legal services as Sackett does not use HEAVY HITTERS in connection with legal services and Sackett is not a licensed attorney; he provides advertising and media buying services.

## COUNT I
## DECLARATORY RELIEF AS TO RIGHTS TO THE MARK

31.     G&B realleges each and every allegation set forth in paragraphs 1 through 30 and incorporates them herein.

32.     Declaratory relief actions are available when an actual case or controversy exists among the parties.

33.     Sackett alleges that he owns HEAVY HITTERS, U.S. Trademark Registration No. 3720020 and LawCo alleges that it owns HEAVY HITTERS, U.S. Trademark Registration No. 2924045.

34.     Upon information and belief, Sackett obtained from LawCo the use of HEAVY HITTERS, a mark registered to LawCo for legal services.

35.     Sackett has abandoned any ownership interest he may have had in HEAVY HITTERS, because (i) Sackett has never provided legal services in connection with HEAVY HITTERS in commerce; (ii) Sackett is not a licensed attorney legally permitted to provide legal services and therefore Sackett's use of HEAVY HITTERS is unlawful and as such he could not obtain trademark rights in HEAVY HITTERS; and (iii) Sackett engaged in uncontrolled licensing by permitting the use of HEAVY HITTERS to G&B without any quality control and without rights to control, monitor or inspect the services of G&B, as required by 15 U.S.C. §§ 1055, 1127.

36.     G&B asserts that LawCo has abandoned any ownership interest it may have had in HEAVY HITTERS, because (i) LawCo has never provided legal services in connection with HEAVY HITTERS in commerce; and (ii) LawCo engaged in uncontrolled licensing by permitting the use of HEAVY HITTERS by G&B without any quality control and without rights to control, monitor or inspect the services of G&B, as required by 15 U.S.C. §§ 1055, 1127.

37.     An actual case or controversy exists among the parties.

38.     G&B hereby seeks a judicial declaration that Sackett and LawCo abandoned their rights in HEAVY HITTERS so as to avoid a suit for infringement when G&B discontinues Sackett's services but continues to use HEAVY HITTERS.

## PRAYER FOR RELIEF

WHEREFORE, G&B prays a final judgment declaring that:

a.     Sackett and LawCo have each abandoned HEAVY HITTERS;

b.     G&B has the continued right to use HEAVY HITTERS in the Territories to promote its services, without any obligation to Sackett or LawCo;

c.     G&B has the continued right to broadcast the Advertisements in the Territories that contain HEAVY HITTERS, for as  long as it wishes to do so, having paid Sackett to create these Advertisements without any agreement, at the time, as to use or non-use following termination of the Advertising Services; and

d.     such other and further relief that the Court deems just.

Respectfully submitted,


  _/s/ James B. Astrachan_____
James B. Astrachan, Bar No. 03566
Kaitlin D. Corey, Bar No. 19907
Astrachan Gunst Thomas, P.C.
217 E. Redwood Street, 21st Floor
Baltimore, MD 21202
410.783.3550 (telephone)
410.783.3530 (facsimile)
jastrachan@agtlawyers.com
kcorey@agtlawyers.com
*Attorneys for Plaintiff*