**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| GILMAN & BEDIGIAN, LLC | * | |
| | * | Civil Action No. CCB-19-3471 |
| v. | * | |
| | * | |
| RICHARD SACKETT, *et al.* | * | |

**MEMORANDUM**

Before the court is the defendants' motion to strike Gilman & Bedigian, LLC's second amended complaint ("SAC"). (ECF 28, Mot. to Strike). Specifically, the defendants argue that the SAC (1) failed to comply with Federal Rule 15; (2) is futile insofar as it fails to state a claim upon which relief may be granted; and (3) states improper allegations that must be stricken. The issue has been fully briefed and no oral argument is necessary. For the reasons stated below, the motion will be denied.

**FACTS**

This dispute between the law firm of Gilman & Bedigian and defendants Richard Sackett and LawCo USA, P.L.L.C. ("LawCo") concerns the ownership and use of the trademark HEAVY HITTERS. (ECF 27, Second Am. Compl. ¶ 1; ECF 1, Compl. ¶ 1). For the purposes of this motion, though, the relevant facts largely concern the procedural timeline of the case.

On December 9, 2019, Gilman & Bedigian served its complaint on the defendants seeking a declaration that the defendants had abandoned their ownership of the HEAVY HITTERS mark, leaving Gilman & Bedigian free to continue using it. (Compl. ¶¶ 1, 35–36; ECF 5, Summons). Though the defendants had 21 days—until December 30, 2019—to respond to the complaint, the parties stipulated to extending the deadline to February 5, 2020, which this court approved. (ECF 9, Stipulation; ECF 10, Marginal Order). On February 4, 2020, Gilman &

Bedigian sought and was granted by this court leave to file its first amended complaint ("FAC"), and the parties once again stipulated to a further extension of time to respond. (ECF 15, Mot. for Leave to Amend; ECF 16, Stipulation; ECF 18, Marginal Order). Thereafter, Gilman & Bedigian filed its FAC on February 10, 2020. (ECF 19). In response, the defendants filed a motion to dismiss on February 24, 2020, and the parties yet again stipulated to an extension of time for Gilman & Bedigian to respond, setting a deadline of April 9, 2020. (ECF 22, Mot. to Dismiss; ECF 25, Stipulation). Because of the coronavirus pandemic, the Chief Judge for this district subsequently issued Standing Order 2020-07, extending by 84 days all filing deadlines originally set to fall between March 16, 2020, and June 5, 2020. Then, without seeking leave of the court, Gilman & Bedigian filed the SAC on May 29, 2020. (ECF 27). In response, the defendants have moved to strike the SAC or portions thereof. (ECF 28).

**DISCUSSION**

I. Rule 15

The defendants first argue that the entire SAC should be stricken for failure to comply with the requirements of Federal Rule of Civil Procedure 15. Rule 15(a)(1) allows a party to amend its pleading "once as a matter of course" within either "21 days after serving it" or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The court is to "freely give leave when justice so requires." *Id.* Notably, as the Ninth Circuit has explained, Rule 15's provisions are "not mutually exclusive," as the Rule is "organized substantively, not chronologically," and "does not prescribe any particular sequence

for the exercise of its provisions." *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015); *see also Parks v. Liberty Ins. Corp.*, No. 8:17-0503-HMH, 2017 WL 11457907, at *4 (D.S.C. May 18, 2017) ("Where a party has previously amended her complaint pursuant to Rule 15(a)(2), but has not done so as a matter of course pursuant to Rule 15(a)(1), the plaintiff may still amend the complaint as a matter of course.") (citing *Ramirez*, 806 F.3d at 1007). Though it is "more often the case" that "a plaintiff may file his one matter of course amendment under Rule 15(a)(1) and then seek consent from opposing counsel or leave of court to file a second amended complaint under 15(a)(2)," there is no requirement that a plaintiff avail himself of Rule 15 in this precise manner. *Ramirez*, 806 F.3d at 1007. Thus, a plaintiff need not first amend as a matter of course and then amend only by agreement or with leave of the court.

In this case, Gilman & Bedigian's initial complaint was amended with leave of the court. *See* ECF 15; ECF 16 at 2 (noting that "Plaintiff filed an unopposed Motion for Leave to File Amended Complaint"); ECF 18. It was, therefore, an amendment pursuant to Rule 15(a)(2). Thereafter, the defendants filed a motion to dismiss on February 24, 2020, starting the clock on Rule 15(a)(1)'s 21-day deadline to file an amendment as a matter of course and leaving Gilman & Bedigian until March 16, 2020, to do so. (ECF 22). On March 3, 2020, the parties entered a stipulation, approved by this court, granting Gilman & Bedigian an additional thirty days to "respond to the Motion to Dismiss." (ECF 25 at 1). Whether such a stipulation extending time to "respond" embraces the filing of an amendment as a matter of course is not necessary to decide in this case,[1] since the court's issuance of Standing Order 2020-07 extended all filing

[1] The Fourth Circuit has not addressed this issue, though courts in this district have largely construed the term "response" in stipulations to embrace not only oppositions but also amendments. *See, e.g.*, *Potomac Riverboat Co., LLC v. Curtis Marine of New York, Inc.*, No. JKB-13-1970, 2013 WL 6718133, at *2 (D. Md. Dec. 18, 2013) (noting it would be impractical and overly technical to conlude that the only possible interpretation of "to respond" is to file something in opposition to a motion); *Hurd v. NDL, Inc.*, No. CCB-11-1944, 2012 WL 642425, at *1 (D. Md. Feb. 27, 2012) (concluding that "because [the plaintiff] requested and was granted an extension of time to file her response [to the defendants' motion to dismiss], the court will consider the amended complaint timely and

deadlines falling between March 16, 2020, and June 5, 2020, by 84 days, giving Gilman & Bedigian until July 5, 2020, to file an amendment. Thus, when Gilman & Bedigian filed its second amended complaint on May 29, 2020—without leave of the court or the agreement of the parties—it did so in a timely manner and as a matter of course under Rule 15(a)(1). (ECF 27). Thus, Gilman & Bedigian's FAC was proper under Rule 15(a)(2) and its SAC was proper under Rule 15(a)(1).

The defendants argue that it is "well-settled in the Fourth Circuit that an amendment after the first amendment requires compliance with Rule 15(a)(2)." (ECF 28-1, Memo. in Support of Mot. to Strike, at 10). But the unpublished cases—including one slip opinion drafted as a letter to counsel—the defendants rely on to demonstrate this point are distinguishable.[2] First, in *Cooper v. North Carolina State Board of Elections*, the court merely stated that once a party amends its complaint as a matter of right under 15(a)(1), it "thereafter" may amend only under 15(a)(2). No. 5:08-CV-423-D, 2009 WL 9081691, at *4 (E.D.N.C. June 12, 2009). Second, both cases from this district cited by the defendants concern disputes over the granting of leave under 15(a)(2), rather than the interaction between 15(a)(1) and 15(a)(2). *See Taylor v. Balt. Police Dep't.*, No. SAG-18-3999, 2019 WL 6717615, at *1 (D. Md. Dec. 10, 2019); *Class Produce Group, LLC v. Harleysville Worcester Ins. Co.*, No. SAG-16-cv-3431, 2018 WL 5785664, at *3 (D. Md. Nov. 5, 2018).

In sum, when Gilman & Bedigian filed its FAC with leave of the court under 15(a)(2), it was free thereafter to amend by filing its SAC as a matter of course under 15(a)(1) so long as it did so in a timely manner. The defendants appear to contest only that the SAC is improper under

therefore permitted as a matter of course."). *But see Durham v. Somerset County*, No. WMN-12-2757, 2013 WL 1755372, at *1 (D. Md. Apr. 23, 2013) (striking an amended complaint filed eleven days after the Rule 15 deadline, where the plaintiff acknowledged he was not granted an extension of time to file an amended complaint).

[2] The letter is from *Taylor v. Balt. Police Dep't.*, No. SAG-18-3999, 2019 WL 6717615 (D. Md. Dec. 10, 2019).

15(a)(2) and not that it was untimely under 15(a)(1). Accordingly, the court will not strike the SAC for failure to comply with Rule 15.

II. Futility & Bad Faith

Next, the defendants argue that the SAC should be stricken for futility and bad faith. In the Fourth Circuit, courts are to "liberally allow amendment," *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010), denying leave to amend only when "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile," *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citation omitted). Notably, though, a court may not deny an amendment filed as a matter of course even if the amendment would have been futile. *See Galustian*, 591 F.3d at 730 (holding the doctrine of futility applies only when a plaintiff seeks leave of court to amend and does not have a right to amend). As explained above, Gilman & Bedigian filed its SAC under Rule 15(a)(1) as a matter of course. Therefore, the court need not address whether the SAC is futile.

III. Improper Allegations

Finally, the defendants move this court to strike what they see as immaterial and prejudicial allegations in paragraphs 8, 22, 23, 24, 25, and 27 of the SAC. A motion to strike under Federal Rule 12(f) is an appropriate remedy for the elimination of "redundant, immaterial, impertinent, or scandalous matter" in any pleading. Fed. R. Civ. P. 12(f); 5C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1380 (3d ed. 2004). "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (citation omitted). Thus, Rule 12(f) motions generally will be not granted unless the challenged allegations have no possible or logical

connection to the subject matter of the controversy and may cause some form of significant prejudice to a party. Wright & Miller, Fed. Prac. & Proc. § 1382; *see also Schultz v. Braga*, 290 F. Supp. 2d 637, 654–55 (D. Md. 2003) (striking "inflammatory" allegations about prior shooting by FBI agent because their relevance had not yet been determined and they were prejudicial to the agent's repuation). As explained further below, none of the allegations challenged by the defendants can meet the high bar required to strike.

*A. Misappropriation (Paragraphs 8, 23, 25)*

Though the defendants argue that the alleged misappropriation of funds by Sackett that is detailed in paragraphs 8, 23, and 25 of the SAC is unduly prejudicial to his personal and professional reputation, Gilman & Bedigian assert that the allegations provide part of the basis for asserting personal jurisdiction over him, for piercing the corporate veil of Matrix under an alter ego theory, and for demonstrating the existence of an actual case or controversy. These threshold issues were actively contested by the defendants in their motion to dismiss, which the defendants represent they intend to renew. *See* ECF 22-1, Memo. in Support of Mot. to Dismiss, at 10–12; ECF 28-1 at 23. Further, because a court "may exercise personal jurisdiction vicariously over an individual if the court has jurisdiction over the individual's alter ego company," allegations of misappropriation that are potentially pertinent to the alter ego analysis cannot be said to have no logical or plausible connection to the controversy, even if they may be prejudicial. *Sky Cable, LLC v. DIRECTV, Inc.*, 886 F.3d 375, 391–92 (4th Cir. 2018). Accordingly, the court declines to strike these allegations.

*B. Failure to Pay Vendors (Paragraphs 22, 23, 24)*

The defendants further assert that Gilman & Bedigian's allegations in paragraphs 22, 23, and 24 of the SAC that they failed to use Gilman & Bedigian's funds to pay advertising vendors

is immaterial to the dispute over ownership of the HEAVY HITTERS mark. The court finds that such allegations may provide the necessary context to evaluate the deteriorating relationship between the parties and the likelihood that the threat of a lawsuit between the parties was imminent. Should such allegations end up being immaterial in subsequent stages of the proceedings, the court may disregard the allegations at that time. Where there is still some possibility that the allegations will be material to disputed issues and where Gilman & Bedigian's SAC is neither unduly lengthy nor lacking in clarity, it would not be appropriate to strike such allegations at this stage of the proceedings.

*C. Prior Litigation (Paragraph 27)*

Finally, the defendants argue that the allegations in paragraph 27 of the SAC that Sackett and LawCo have been involved in another infringement lawsuit in another state over another law firm's use of the HEAVY HITTERS mark are immaterial to the dispute at hand.[3] While such an allegation at first glance has no proper bearing on the dispute between Gilman & Bedigian and the defendants, no prejudice will result from the inclusion of this allegation in the SAC. As a result, the court declines to strike this allegation as well.

Therefore, the defendants' motion to strike is denied as to paragraphs 8, 22, 23, 24, 25, and 27.

IV. <u>The Renewed Motion to Dismiss</u>

In their motion to strike, the defendants request—should the court decline to strike the aforementioned matters—that they be permitted to incorporate into their motion to strike the arguments first raised in their prior motion to dismiss. The parties agree that under *Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451 (4th Cir. 2017), if the SAC was properly filed, then the

[3] This argument is only obliquely referenced in the motion to strike (ECF 28), but is more squarely addressed in the Reply (ECF 32). In the interest of completeness, the court will address the argument.

defendants' motion to dismiss directed at the FAC would be moot. *See* ECF 29, Plaintiff's Response, at 5; ECF 32, Defendants' Reply, at 6–7. For the reasons explained above, the court has decided the SAC was properly filed. Accordingly, the court declines to address the arguments from the prior motion to dismiss raised by reference in the defendants' motion to strike and will deny the prior motion to dismiss as moot. When and if the defendants file a motion to dismiss the SAC, the court will address the legal sufficiency of the SAC at that time.

**CONCLUSION**

For these reasons, the court will deny the defendants' motion to strike (ECF 28) and deny as moot the defendants' motion to dismiss (ECF 22). The court will also grant the defendants leave to file a motion to dismiss the SAC or to otherwise respond to the SAC within 21 days of the date of the accompanying order.

9/4/20
Date

/S/
Catherine C. Blake
United States District Judge